The opinion of the Court was delivered by
Whitner, J.
The proceedings on which this case rests, are very defective throughout. The mind of the Court is *356 disinclined to an undue enforcement of technical precision, but there must be some adherence to forms, that we may not lose the substance entirely. The process on which the original judgment was founded is laid before us, and from the allegation without a reference to the copy note exhibited, an opinion could not be formed, whether this was brought to recover a debt due by one styling himself administrator, or for the debt of his intestate. Following it to the next step, the judgment was by nihil dicit, and consists, it is said, in the decree entered on the minutes of the court, and for purposes of brevity, is against the defendant. In the higher jurisdiction, it is well understood as in 2 Tidd. Prac. 1017, such a judgment is for the debt, damages and costs to be levied of the goods of the testator, or intestate in the hands of the defendant if he hath so much in his hands to be administered, and if not then, the costs to be levied of his own proper-goods. This being a suit in the summary process jurisdiction, the Courts have been constrained to regard the short enjry in the minutes, as a judgment for all purposes for which it could be regularly entered; Giles vs. Pratt, 1 Hill, 289. Dispensing therefore with the formal judgment, the execution should conform to legal requirement nevertheless. In the proceeding under review, there is a like confusion and disregard of form as in all that preceded it. The sheriff is thereby "commanded to make of the goods and chattels, lands and tenements of the said deceased and of the said defendant, wheresoever found, the said sum of money so, adjudged to the said plaintiff, together w-ith the accruing interest and costs.” However competent it may have been upon the authority of the case cited to amend these proceedings, it is enough for the present to. say no such step was taken. Procuring a return from the sheriff that “ the defendant has no property upon which to levy this execution,” the next step taken, is the present suit in the name of the Ordinary against the principal and his sureties on the administration bond. *357 There is little ground to doubt that this case would fall within the ruling in the cases, The State of So. Ga. for sundry persons vs. J. W. Staggers, decided at the present term, so that nothing would be gained by retaining the case, and sending it back for amendment so far as the same might be done in conformity with the case of Giles vs. Pratt.
However conclusive the -evidence may be of assets by the judgment rendered, the sheriff’s return has failed to ascertain the fact of no goods, &c., of the intestate on which to levy. The proceeding under review is not an action of debt suggesting a devastavit, and against the principal alone; but assuming the fact to be so from premises not authorizing such a presumption, calls on the parties to the bond, principal and sureties, in the name of the Ordinary, and is therefore premature and fatally defective. The decree rendered in this case is set aside, and the motion for nonsuit is granted.
O’Neall, Wardlaw, Withers, Glover, and Munro, JJ., concurred.

Motion granted,